1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | MIGUEL A. NERI
FIEL D. TIGNO
3 | Supervising Deputy Attorneys General
COURTNEY S. LUI, State Bar No. 173064
4 | Deputy Attorney General
   1515 Clay Street, 20th Floor
5 | P.O. Box 70550
   Oakland, CA 94612-0550
6 | Telephone: (510) 622-2115
Fax: (510) 622-2270
7 | Email: Courtney.Lui@doj.ca.gov

8 | Attorneys for Defendants California Department of
Corrections and Rehabilitation and Pelican Bay State
9 | Prison

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

14

15 | **ROBIN WILSON,**

16 |                               Plaintiff,

17 |       **v.**

18 | **CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
19 | REHABILITATION; PELICAN BAY
STATE PRISON; AND DOES 1
THROUGH 50, INCLUSIVE,**

20

21 |                        Defendants.

CASE NO. CV 08 3358 EMC

**CERTIFICATE OF SERVICE OF
NOTICE TO ADVERSE PARTY OF
REMOVAL TO FEDERAL COURT**

22 | Shanja Madison certifies and declares as follows:

23 | I am over the age of 18 years and not a party to this action.

24 | My business address is 1515 Clay Street, 20th Floor, Oakland, CA 94612, which is

25 | located in the city, county and state where the mailing described below took place.

26 | On July 14, 2008, I deposited in the United States Mail at Oakland, California, a copy

27 | of the Notice to Adverse Party of Removal to Federal Court dated July 11, 2008, a copy of which

28 | is attached to this Certificate.

Certificate of Service of Notice to Adverse Party
of Removal to Federal Court

CV08-3358 EMC

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on July 16, 2008, in Oakland, California.

3

4

5    SHANJA MADISON

6    90089444.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Certificate of Service of Notice to Adverse Party
of Removal to Federal Court

CV08-3358 EMC

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  MIGUEL A. NERI
   FIEL D. TIGNO
3  Supervising Deputy Attorneys General
   COURTNEY S. LUI, State Bar No. 173064
4  Deputy Attorney General
     1515 Clay Street, 20th Floor
5    P.O. Box 70550
     Oakland, CA 94612-0550
6    Telephone: (510) 622-2115
     Fax: (510) 622-2270
7    E-mail: Courtney.Lui@doj.ca.gov

8  Attorneys for Defendants California Department of
   Corrections and Rehabilitation and Pelican Bay State
9  Prison

10

11              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                          COUNTY OF DEL NORTE

13

14
   ROBIN WILSON,                              Case No. CVU J08-1191
15
                              Plaintiff,      **NOTICE TO ADVERSE PARTY OF**
16                                            **REMOVAL TO FEDERAL COURT**

17            v.

18 **CALIFORNIA DEPARTMENT OF**
   **CORRECTIONS AND**
   **REHABILITATION; PELICAN BAY**
19 **STATE PRISON; AND DOES 1**
   **THROUGH 50, INCLUSIVE,,**
20
                              Defendant.
21

22

23     TO PLAINTIFF ROBIN WILSON AND HER ATTORNEYS OF RECORD:

24     PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

25 States District Court for the Northern District of California, San Francisco Division, on July 11,

26 2008.

27 ///

28 ///

                                        1

1     A copy of the said Notice of Removal is attached to this Notice and is served and filed

2 herewith.

3         Dated: July 14, 2008

4                              Respectfully submitted,

5                              EDMUND G. BROWN JR.
                              Attorney General of the State of California

6                              MIGUEL A. NERI
                             FIEL D. TIGNO

7                              Supervising Deputy Attorneys General

8

9                              COURTNEY S. LUI

10                              Deputy Attorney General
                             Attorneys for Defendants California

11                              Department of Corrections and Rehabilitation
                             and Pelican Bay State Prison

12

13 90089158.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice to Adverse Party of Removal to Federal Court             No. CVUJ 08-1191

1    EDMUND G. BROWN JR.
     Attorney General of the State of California
2    MIGUEL A. NERI
     FIEL D. TIGNO
3    Supervising Deputy Attorneys General
     COURTNEY S. LUI, State Bar No. 173064
4    Deputy Attorney General
     1515 Clay Street, 20th Floor
5    P.O. Box 70550
     Oakland, CA 94612-0550
6    Telephone: (510) 622-2115
     Fax: (510) 622-2270
7    Email: Courtney.Lui@doj.ca.gov

8    Attorneys for Defendant California Department of
     Corrections and Rehabilitation and Pelican Bay State
9    Prison

10

11           IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14          ROBIN WILSON,

15

16                 Plaintiff,

              v.

17

18    CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
     REHABILITATION; PELICAN BAY
19    STATE PRISON; AND DOES 1
     THROUGH 50, INCLUSIVE,,

20

21                Defendant.

Case No. CV 08 3358 EMC

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(b)
[FEDERAL QUESTION]

22      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23      PLEASE TAKE NOTICE that all named defendants, the California Department of

24    Corrections and Rehabilitation ("CDCR") and

25    Pelican State Bay Prison[1/] (collectively "Defendants"), hereby remove to this Court the state

26    court action described below.

27

28      1. It appears that Pelican Bay State Prison was erroneously named as a defendant, as it is a
     CDCR facility and not an entity that is separate from the CDCR.

Defendant's Notice of Removal

1

1.   On April 21, 2008, an action was commenced in the Superior Court of the State of California in and for the City and County of Del Norte, entitled ROBIN WILSON v. CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; PELICAN BAY STATE PRISON; and DOES 1 through 50, inclusive, a copy of which is attached hereto as Exhibit "A".

2.   The first date upon which the CDCR received a copy of the said complaint was June 12, 2008, when Susan Galbraith of the CDCR's Office of Legal Affairs was personally served with a copy of the said complaint and a summons from the said state court. A copy of Ms. Galbraith's memorandum acknowledging receipt of the summons and complaint in this action is attached hereto as Exhibit "B"; and a copy of the summons is attached hereto as Exhibit "C".

3.   JURISDICTION: This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. section 1441(b) in that the First Cause of Action of said complaint arises under 42 U.S.C. section 1983.

4.   To date, it is the understanding of defendants CDCR and Pelican Bay State Prison (a CDCR facility) that they are the only named defendants in this action.

Dated:  July 7, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

MIGUEL A. NERI
FIEL D. TIGNO
Supervising Deputy Attorneys General

COURTNEY S. LUI
Deputy Attorney General
Attorneys for Defendants California Department of Corrections
and Rehabilitation and Pelican Bay State Prison

90088968.wpd
OK2008900315

Defendant's Notice of Removal

2

# EXHIBIT A

1   AMANDA UHRHAMMER (SBN 199445)
    MASTAGNI, HOLSTEDT, AMICK,
2   MILLER, JOHNSEN & UHRHAMMER
    *A Professional Corporation*
3   1912 "I" Street
    Sacramento, California 95814
4   Telephone: (916) 446-4692
    Facsimile: (916) 447-4614
5
    Attorneys for Plaintiff ROBIN WILSON
6

ENDORSED
FILED

APR 21 2008

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
             IN AND FOR THE COUNTY OF DEL NORTE
9

10

11   ROBIN WILSON,                          Case No.: CV UJ 08-1191

12                 Plaintiff,               COMPLAINT FOR DAMAGES,
                                            VIOLATION OF RIGHT TO PRIVACY;
13                                          DISCLOSURE OF PERSONAL
     v.                                     INFORMATION; FAILURE TO
14                                          SAFEGUARD PERSONAL
     CALIFORNIA DEPARTMENT OF               INFORMATION; INTRUSION INTO
15   CORRECTIONS AND REHABILITATION;        PRIVATE AFFAIRS; NEGLIGENCE;
     PELICAN BAY STATE PRISON; and DOES     INTENTIONAL INFLICTION OF
16   1 through 50, Inclusive,               EMOTIONAL DISTRESS; JURY TRIAL
                                            DEMANDED
17                 Defendants.

18

19          Plaintiff alleges as follows:

20                              THE PARTIES

21          1.     Plaintiff, ROBIN WILSON ("Plaintiff"), is an individual and is now, and at all times

22   mentioned herein was, a resident of the State of California.

23          2.     Plaintiff is now, and at all times mentioned herein was, an employee of Defendants,

24   CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR") and

25   PELICAN BAY STATE PRISON ("PBSP").

26          3.     Defendant, CALIFORNIA DEPARTMENT OF CORRECTIONS AND

27   REHABILITATION is, and at all times mentioned herein was, a department of the State of California,

28   organized and existing under the laws and regulations of the State of California.

_____

COMPLAINT FOR DAMAGES;
JURY TRIAL DEMANDED                          1

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
PROFESSIONAL CORPORATION
1912 STREET
SACRAMENTO, CALIFORNIA 95814

4.    Defendant, PELICAN BAY STATE PRISON is, and at all times mentioned herein was, an entity of the State of California, organized and existing under the laws and regulations of the State of California.

5.    Plaintiff is informed and believes, and upon such information and belief, alleges, that Defendants named herein as DOES 1 through 50, inclusive, are responsible in some manner for the events and happenings as hereinafter alleged. Plaintiff will amend the complaint and name the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, when ascertained.

6.    Plaintiff is informed and believes, and upon such information and belief, alleges that at all times herein mentioned, each DOE defendant was the agent, servant, and/or employee of the remaining Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and/or employment.

## VENUE

7.    Venue in the County of Del Norte is proper under California Code of Civil Procedure § 395 and California Government Code § 552.2 because Plaintiff's injury occurred in this County.

## EXCEPTION FROM THE EXCLUSIVE REMEDY RULE

8.    Plaintiff is informed and believes, and thereon alleges, that the unlawful employment actions complained of herein, as a result of which Plaintiff sustained injuries and damages enumerated below, were and are violations of the laws and fundamental public policies of the State of California, and Plaintiffs claims are not subject to any exclusive remedy provisions of California's Workers Compensation Act, and are not otherwise preempted or barred.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.    Defendants CDCR and PBSP possess considerable sensitive information about each of its employees and former employees. Upon information and belief, this information includes, *inter alia*, each employee's name, address, contact information and social security number.

10.    On or about March of 2007, an employee of Pelican Bay State Prison discovered a

COMPLAINT FOR DAMAGES;
JURY TRIAL DEMANDED                    2

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER, PROFESSIONAL CORPORATION 1912 I STREET

1 | custody roster listing the personal cell phone numbers of correctional officers while working at the

2 | California State Prison, Centinela ("Centinela State Prison"). The custody roster was found in an area

3 | accessible to and used by Centinela State Prison inmates.

4 |           11.    A search of inmate workers who worked outside the jail on work release revealed

5 | approximately ten (10) pieces of paper underneath the soles of each shoe and those papers had the

6 | personal names, phone numbers, cell phone numbers and addresses of correctional officers as well

7 | as social security numbers and other identifying information.

8 |           12.    On or about, March 15, 2007, Plaintiff discovered that a former inmate at Pelican Bay

9 | State Prison had been using Plaintiff's name to obtain credit and otherwise exploit Plaintiff's financial

10 | status and identity. The former inmate had gained said information while an inmate at Pelican Bay

11 | State Prison. Plaintiff is informed and believes that her information had not been properly secured

12 | and her identifying information protected, but rather that inmates had obtained access to the

13 | information due to the wrongful and negligent conduct of CDCR and PBSP management employees.

14 |           13.    Pelican State Bay Prison inmates had obtained access to personal information of

15 | correctional officers for an extended period of time. Plaintiff is informed and believes that personnel

16 | and other types of information that would normally have been put through the shredder by CDCR

17 | employees was given to inmate workers to carry out.

18 |           14.    Pelican State Bay Prison inmates were permitted access to CDCR employee

19 | information when CDCR and PSBP knew, or should have known, that said personnel and personal

20 | employee data was left unattended and accessible to or intentionally placed in the custody of said

21 | inmates and that CDCR and PBSP knew or should have known of the risk of providing said

22 | information to known criminals.

23 |           15.    The CDCR employee information remained accessible to inmates after the CDCR and

24 | PBSP, their agents, employees, managers or supervisors, knew of the theft of CDCR employees'

25 | identities. Plaintiff is informed and believes that the employee information remains accessible to

26 | inmates.

27 |           16.    Plaintiff has suffered significant damages in excess of the jurisdictional limits,

28 | including compensatory damages and emotional distress. Plaintiff's name has been used to obtain

COMPLAINT FOR DAMAGES:
JURY TRIAL DEMANDED                3

ASTAGNI, HOLSTEDT, AMICK
ILLER, JOHNSEN & UHRHAMMER
PROFESSIONAL CORPORATION
)12 J STREET

1    credit and purchase items in her name without her permission. Plaintiff has been sent to collections

2    and had bill collectors harass her for payment of bills she did not accrue. The theft of Plaintiff's

3    identity has adversely affected her credit and financial standing as well caused emotional distress

4    among other damages.

5          17.    Plaintiff has exhausted the requirements of the California Torts Claims Act, § 900 *et*

6    *seq*. On September 11, 2007, Plaintiff filed a Government Tort Claim with the California State Board

7    of Control. By letter dated October 22, 2007, the California Victim Compensation and Government

8    Claims Board rejected Plaintiff's claim.

9

10                          FIRST CAUSE OF ACTION

11              (VIOLATION OF PLAINTIFF'S CONSTITUTIONAL
                  RIGHT TO PRIVACY AND 42 U.S.C. § 1983)
12
          18.    The allegations of paragraphs 1 through 17 are re-alleged and incorporated herein
13
     by reference. This cause of action is alleged against Defendants CDCR and PBSP.
14
          19.    Under the United States Constitution, Plaintiff enjoys a right to privacy that
15
     protects her from government disclosures of personal information.
16
          20.    Plaintiff had a legitimate and reasonable expectation that her personal information
17
     would not be made accessible to prison inmates. Plaintiff's legitimate and reasonable expectation
18
     is further supported by the Information Practice Act of 1977, California Constitution, Article 1,
19
     Section 1, and California Penal Code § 832.7.
20
          21.    Defendants caused a serious and unwarranted invasion of the privacy interests of
21
     Plaintiff by permitting unlawful and otherwise wrongful access to CDCR employees' sensitive
22
     and personal information.
23
          22.    Defendants had a duty to protect the privacy interests of Plaintiff, and Defendants
24
     breached said duty by allowing inmates to have access to the personal information and
25
     confidential peace officer records in the manner alleged herein.
26
          23.    As a result of Defendants' violation of Plaintiff's privacy Plaintiff suffered actual
27
     damages. Plaintiff is entitled to recover all damages resulting from Defendants' invasion of her
28

---

COMPLAINT FOR DAMAGES;
JURY TRIAL DEMANDED                              4

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET

1  privacy, including compensatory damages, general damages, personal injury damages, attorney's

2  fees and any other damages the Court deems appropriate.

3      24.  Defendants' conduct was a substantial factor in causing Plaintiff's harm.

4      WHEREFORE, Plaintiff requests relief as hereinafter provided.

5

6                    ## SECOND CAUSE OF ACTION

7              (VIOLATION OF STATE CONSTITUTIONAL
               RIGHT TO PRIVACY, Cal. Const. Art I, § 1;
8              Cal. Penal Code § 832.7; Cal. Gov't Code § 6254)

9      25.  The allegations of paragraphs 1 through 24 are re-alleged and incorporated herein

10  by reference. This cause of action is alleged against all Defendants.

11     26.  Plaintiff has an inalienable right to privacy, including the right to prevent

12  dissemination of personal, confidential information, guaranteed by the Constitution of the State of

13  California, Article I, section 1.

14     27.  Plaintiff is a peace officer under Cal. Penal Code § 830.5(b).

15     28.  Plaintiff had a privacy interest in peace officer personnel records, protected by Cal.

16  Penal Code § 832.7, Cal. Government Code § 6254(c), and other applicable statutes.

17     29.  Plaintiff had a reasonable expectation of privacy in Plaintiff's peace officer

18  personnel records.

19     30.  Defendants caused a serious and unwarranted invasion of the privacy interests of

20  Plaintiff by permitting unlawful and otherwise wrongful access to CDCR employees' sensitive

21  and personal information.

22     31.  Defendants had a duty to protect the privacy interests of Plaintiff, and Defendants

23  breached said duty by allowing inmates to have access to the personal information and

24  confidential peace officer records in the manner alleged herein.

25     32.  As a result of Defendants' violation of Plaintiff's privacy Plaintiff suffered actual

26  damages. Plaintiff is entitled to recover all damages resulting from Defendants' invasion of her

27  privacy, including compensatory damages, general damages, personal injury damages, attorney's

28  fees and any other damages the Court deems appropriate.

STAGNL HOLSTEDT, AMICK,
LLER, JOHNSEN & UHRHAMMER
PROFESSIONAL CORPORATION
12 I STREET

33.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION

#### (DISCLOSURE OF PERSONAL INFORMATION IN VIOLATION OF CAL. CIVIL CODE § 1798.24)

34.    The allegations of paragraphs 1 through 33 are re-alleged and incorporated herein by reference. This cause of action is pled against Defendants CDCR and PBSP.

35.    California Civil Code § 1798.24 provides that "[n]o agency may disclose any personal information in a manner that would link the information disclosed to the individual" subject to enumerated exceptions.

36.    Defendants CDCR and PBSP were at all material times agencies within the meaning of Cal. Civil Code § 1798.3(b).

37.    Defendants caused a serious and unwarranted disclosure of the privacy interests of Plaintiff by permitting unlawful and otherwise wrongful access to CDCR employees' sensitive and personal information.

38.    Defendants had a duty to protect the privacy interests of Plaintiff, and Defendants breached said duty by allowing inmates to have access to the personal information and confidential peace officer records in the manner alleged herein.

39.    As a result of Defendants' violation of Plaintiff's privacy Plaintiff suffered actual damages. Plaintiff is entitled to recover all damages resulting from Defendants' invasion of her privacy, including compensatory damages, general damages, personal injury damages, attorney's fees and any other damages the Court deems appropriate.

40.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

///

///

///

1
2
3

## FOURTH CAUSE OF ACTION

(FAILURE TO SET APPROPRIATE SAFEGUARDS OF
PERSONAL INFORMATION IN VIOLATION OF
CAL. CIVIL CODE § 1798.21)

4       41.    The allegations of paragraphs 1 through 40 are re-alleged and incorporated herein

5   by reference. This cause of action is pled against Defendants CDCR and PBSP.

6       42.    California Civil Code § 1798.21 provides that "[e]ach agency shall establish

7   appropriate safeguards to ensure compliance with the provisions of this chapter, to ensure the

8   security and confidentiality of records, and to protect against anticipated threats or hazards to their

9   security or integrity which could result in any injury."

10      43.    Defendants CDCR and PBSP were at all material times agencies within the

11  meaning of Civil Code § 1798.3(b).

12      44.    Defendants CDCR and PBSP failed to adequately safeguard the privacy interests of

13  Plaintiff by permitting unlawful and otherwise wrongful access to CDCR employees' sensitive

14  and personal information both before and after Defendants CDCR and PBSP knew or should have

15  known that a breach in security had occurred.

16      45.    Defendants had a duty to protect the privacy interests of Plaintiff, and Defendants

17  breached said duty by allowing inmates to have access to the personal information and

18  confidential peace officer records in the manner alleged herein.

19      46.    As a result of Defendants' violation of Plaintiff's privacy Plaintiff suffered actual

20  damages. Plaintiff is entitled to recover all damages resulting from Defendants' failure to

21  safeguard her records, including compensatory damages, general damages, personal injury

22  damages, attorney's fees and any other damages the Court deems appropriate.

23      47.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

24          WHEREFORE, Plaintiff requests relief as hereinafter provided.

25

26          ## FIFTH CAUSE OF ACTION

27      (INVASION OF PRIVACY - INTRUSION INTO PRIVATE AFFAIRS)

28      48.    The allegations of paragraphs 1 through 47 are re-alleged and incorporated herein

---

COMPLAINT FOR DAMAGES;
JURY TRIAL DEMANDED                              7

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

1    by reference. This cause of action is pled against all Defendants.

2         49.  Defendants' intentional use and/or disclosure of private information regarding the

3    Plaintiff constitute an intrusion into Plaintiff's private affairs and seclusion that would be

4    objectionable to a reasonable person.

5         50.  As a result of Defendants' violation of Plaintiff's privacy Plaintiff suffered actual

6    damages. Plaintiff is entitled to recover all damages resulting from Defendants' intrusion,

7    including compensatory damages, general damages, personal injury damages, attorney's fees and

8    any other damages the Court deems appropriate.

9         51.  Defendants' conduct was a substantial factor in causing Plaintiff's harm.

10        WHEREFORE, Plaintiff requests relief as hereinafter provided.

11

12                           SIXTH CAUSE OF ACTION

13                               (NEGLIGENCE)

14        52.  The allegations of paragraphs 1 through 51 are re-alleged and incorporated herein

15   by reference. This cause of action is pled against all Defendants.

16        53.  Defendants owed a duty of care to Plaintiff to develop reasonable procedures and

17   practices to prevent the disclosure of the private information of their employees including, but not

18   limited to, as provided by Cal. Civil Code § 1798.21, Cal. Penal Code § 832.7, Cal. Government

19   Code § 6254(c) and other applicable statutes..

20        54.  Through their conduct as alleged herein, including but not limited to permitting

21   access to personnel and personal records by inmates, Defendants breached their duty of care.

22        55.  As a proximate result of Defendants' conduct, Plaintiff has suffered actual

23   damages. Plaintiff is entitled to recover all damages resulting from Defendants' breach of their

24   duty of care, including compensatory damages, general damages, personal injury damages,

25   attorney's fees and any other damages the Court deems appropriate.

26        56.  Defendants CDCR and PBSP are liable for injuries proximately caused by an act or

27   omission of an employee. Cal. Government Code § 815.2(a). As a proximate result of

28   Defendants' employees' conduct, Plaintiff has suffered actual damages. Plaintiff is entitled to

LASTAGNI. HOLSTEDT. AMICK,
HILLER. JOHNSEN & UHRHAMMER
   PROFESSIONAL CORPORATION
912 J STREET
SACRAMENTO, CALIFORNIA 95814

1   recover all damages resulting from Defendants' employees' breach of their duty of care, including

2   compensatory damages, general damages, personal injury damages, attorney's fees and any other

3   damages the Court deems appropriate.

4         WHEREFORE, Plaintiff requests relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION

#### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

57.    The allegations of paragraphs 1 through 56 are re-alleged and incorporated herein by reference. This cause of action is pled against all Defendants.

58.    The conduct of Defendants as alleged herein was extreme and outrageous and was undertaken intentionally or in reckless disregard of the probability of causing emotional distress for Plaintiff.

59.    The foregoing conduct did in fact cause Plaintiff to suffer extreme emotional distress. As a proximate result of said conduct, Plaintiff suffered embarrassment, anxiety, humiliation, and emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof.

60.    Defendants CDCR and PBSP are liable for injuries proximately caused by an act or omission of an employee. Cal. Government Code § 815.2(a).

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For special and economic damages according to proof;

2.    For general damages and non-economic damages according to proof;

3    For punitive damages in an appropriate amount;

4.    For prejudgment interest at the prevailing legal rate;

5.    For reasonable attorneys fees;

ASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
PROFESSIONAL CORPORATION
'12 I STREET
SACRAMENTO, CALIFORNIA 9581 4

1    6.    For costs of suit herein incurred; and

2    7.    For such other and further relief as the court deems just and proper.

3

4    Dated: April 21, 2008                          MASTAGNI, HOLSTEDT, AMICK,
                                                      MILLER, JOHNSEN & UHRHAMMER
5

6

7                                                    AMANDA UHRHAMMER
                                                     Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
, PROFESSIONAL CORPORATION
912 I STREET
SACRAMENTO, CALIFORNIA 95814

# EXHIBIT B

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION
Service of Process Cover Sheet



6.12.08.
4:05 pm

Date & Time Stamp

Service of Process Disclaimer:

To All Persons Attempting Service of Process Upon the California Department of Corrections and Rehabilitation:

Please be advised that staff assigned to receive documents delivered to the California Department of Corrections and Rehabilitation's office are not authorized to accept such documents as properly served. In receiving documents delivered by process servers and other members of the public, office personnel do not thereby waive any right of the California Department of Corrections and Rehabilitation, the Office of Legal Affairs, any other division within the California Department of Corrections and Rehabilitation, or any individual to object to the validity of the service.

Please complete this form when delivering documents to the California Department of Corrections and Rehabilitation:

| Case Name | Robin Wilson v. CDCR - Pelican Bay. | | |
|---|---|---|---|
| County /District | Del Norte County | Court No. | CV UT 08 - 1191 |
| Document(s) Served: | X | Summons and Complaint/Cross Complaint/Amended Complaint | Petition for Writ of Habeas Corpus |
| | | Notice to the Attorney General's Office pursuant to Section | Notice of Consumer or Employee and Objection and check for $15.00 |
| | | Petition for Relief From Late Claim Filing (Govt. Code section 946.6) | Writ of Mandate and Complaint for Declaratory Relief |
| | | Pitchess Motion | Other (Please List): |
| | | Small Claims | |
| | | Deposition Subpoena for Production of Business Records | |
| Document(s) For: (Specify Person or Division) | Karen Humphries     CDCR | | |
| Process Server's Name: | Karen Humphries     Karen Humphries | | |
| Name of Company (Business Name, Address, and Telephone Number): | Mastagni Law Office | | |
| FOR LEGAL AFFAIRS STAFF USE ONLY | | | |
| Office of Legal Affairs Signature: | Susan Galbraith | | |
| Person Accepting Service: (Name, Title, and Telephone Number) | Susan Galbraith | | |
| Forward To: | | | |
| Notes: | | | |

The attached document(s) appear(s) to be the responsibility of your section; if they are not, please return them to the Office of Legal Affairs, and the person named above, noting the section to which they are to be directed.

# EXHIBIT C

SUM-100

*(CITACIÓN JUDICIAL)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
CALIFORNIA DEPARTMENT OF CORRECTIONS AND
REHABILITATION; PELICAN BAY STATE PRISON;

and DOES 1 through 50, inclusive
YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBIN WILSON

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
DEL NORTE COUNTY SUPERIOR COURT
450 H Street
Crecent City, California  95531

CASE NUMBER:
*(Número del Caso):* CV UJ08-1191

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
AMANDA UHRHAMMER (SBN 199445)
MASTAGNI, HOLSTEDT, AMICK
MILLER, JOHNSEN & UHRHAMMER
Sacramento, California  95814

Sandra Linderman

DATE: APR 2 1 2008
*(Fecha)*

Clerk, by  S. Kuykendall , Deputy
*(Secretario)*  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

Case Name:  **Robin Wilson v. CDCR, et al.**

Case No.:   **CVU J08-1191**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: P.O. Box 70550, Oakland, CA 94612-0550.

On July 11, 2008, I served the attached **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) [FEDERAL QUESTION]** by placing a true copy thereof enclosed in a sealed envelope with the **Golden State Overnight**, addressed as follows:

Amanda Uhrhammer
Mastagni, Holstedt, Amick, Miller, Johnsen
& Uhrhammer
1912 "I" Street
Sacramento, CA 95814
Attorneys for Plaintiff

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 11, 2008, at Oakland, California.

| | |
|---|---|
| Shanja J. Madison | |
| Declarant | Signature |

90089258.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Robin Wilson v. CDCR, et al.**

Case No.:    **CVU J08-1191**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is P.O. Box 70550, Oakland, CA 94612-0550.

On July 14, 2008, I served the attached **NOTICE OF ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Oakland, California, addressed as follows:

Amanda Uhrhammer
Mastagni, Holstedt, Amick, Miller, Johnsen
& Uhrhammer
1912 "I" Street
Sacramento, CA  95814
Attorneys for Plaintiff

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 14, 2008, at Oakland, California.

| | |
|---|---|
| Shanja J. Madison | |
| Declarant | Signature |

90089334.wpd