1  DAVID P. MASTAGNI, ESQ. (SBN 057721)
   PHILLIP R. A. MASTAGNI, ESQ, (SBN 238254)
2  JAMES B. CARR, ESQ. (SBN 53274)
   ANTHONY P. DONOGHUE, ESQ, (SBN 254113)
3  **MASTAGNI, HOLSTEDT, AMICK,**
   **MILLER & JOHNSEN**
4  A Professional Corporation
   1912 I Street
5  Sacramento, CA 95811
   Telephone: (916) 446-4692
6  Facsimile: (916) 447-4614

7  Attorneys for Plaintiff
   ROBIN WILSON
8
   EDMUND G. BROWN JR.
9  Attorney General of the State of California
   MIGUEL A. NERI
10 FIEL D. TIGNO
   Supervising Deputy Attorneys General
11 COURTNEY S. LUI, State Bar No. 173064
   Deputy Attorney General
12 1515 Clay Street, 20th Floor
   P.O. Box 70550
13 Oakland, CA 94612-0550
   Telephone: (510) 622-2115
14 Facsimile: (510) 622-2270
   E-mail: Courtney.Lui@doj.ca.gov
15
   Attorneys for Defendants
16 CALIFORNIA DEPARTMENT OF
   CORRECTIONS AND REHABILITATION,
17 and PELICAN BAY STATE PRISON

18

19                    **UNITED STATES DISTRICT COURT**

20                    **NORTHERN DISTRICT OF CALIFORNIA**

21

22  ROBIN WILSON,                                  | **Case No.   CV 08 3358 SBA**
23              Plaintiff,                        | STIPULATION AND [~~PROPOSED~~]
                                                   | ORDER VACATING SCHEDULING
24  v.                                            | ORDER and CONDITIONAL DISMISSAL
                                                   | OF ACTION
25  CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND REHABILITATION;
26  PELICAN BAY STATE PRISON; and DOES 1
    through 50, Inclusive,
27
                Defendants.
28

---

STIPULATION AND [PROPOSED]                    **Case No.   CV 08 3358 SBA**
ORDER VACATING SCHEDULING ORDER        1

Plaintiff Robin Wilson (hereinafter "Plaintiff") and Defendants California Department of Corrections and Rehabilitation and Pelican Bay State Prison (hereinafter "Defendants") though their respective counsel, respectfully submit the following stipulation and request to vacate the Order for Pretrial Preparation dated October 10, 2008, and schedule a case management conference:

1. On April 21, 2008, Plaintiff filed the Complaint in this matter in the County of Del Norte. On or about, July 7, 2008, Defendants removed this matter to the U.S. District Court for the Northern District of California.

2. This action is an identity theft case involving Plaintiff's private personnel and personal information, as well as Defendants' policies and procedures for safeguarding said information and investigating suspected breaches in security. Plaintiff is a veteran correctional officer working at one of California's well known prisons, Pelican Bay State Prison. Plaintiff alleges that her personnel information was wrongfully and negligently made accessible to inmates who distributed it out of the prison for the unauthorized use of her identity.

2. On October 10, 2008, the Court issued its Order For Pretrial Preparation setting forth the deadlines and dates in this matter. (Docket Entry No. 20.)

3. Further discovery is required in this matter. The parties engaged in written discovery, including propounding interrogatories and requests for the production of documents; however, to date, the Defendants have produced a limited number of documents, and objected to the production of additional documents on the basis of the official information privilege. Plaintiff seeks numerous documents related to CDCR policies and procedures regarding safeguarding employee personnel records, as will as documents evidencing multiple breaches in security and CDCR's response thereto. The parties anticipate that discovery motions will be necessary to resolve these issues. The parties are having difficulty locating former inmate witnesses to schedule depositions. In addition, the depositions of CDCR employees have not been taken because the information needed to identify those employees involved in the alleged security breaches has been withheld on the basis of the official information privilege. Discovery has been temporarily put on hold because the parties believed the case was settled.

1

2   4.   On Thursday, April 9, 2009, the parties participated in Court sponsored mediation with
3   Tom LoSavio of Low, Ball & Lynch. The parties made a good faith effort to resolve the matter, and were
4   on the verge of settlement when mediation ended abruptly due to conflict with Mr. LoSavio's schedule.

5   5.   On or about Monday, April 13, 2009, Plaintiff's counsel contacted counsel for the
6   Defendants to confirm that Defendants' settlement offer from mediation was still available. Counsel for
7   the Defendants indicated that the final offer from the mediation was still available, and Plaintiff's counsel
8   verbally accepted it. Defendants' counsel subsequently telephoned Plaintiff's counsel and stated that the
9   CDCR needed to confirm the agreement. A couple of days later Plaintiff's counsel was informed that
10  Defendants had withdrawn their settlement offer.

11  6.   Since mediation and the verbal agreement to settle this matter, the parties worked in good
12  faith to resolve the settlement issue because the case was effectively resolved. The parties' counsel had
13  multiple discussions, exchanged addition information informally and contacted Mr. LoSavio to help
14  resolve this situation.

15  7.   On or about July 6, 2009, the parties filed a joint Stipulation and [Proposed] Order
16  Modifying Scheduling Order. (Docket Entry No. 20.)

17  8.   On or about August 13, 2009, this Court filed the Order of Reference for Mandatory
18  Settlement Conference. (Docket Entry No. 27.)

19  9.   The matter was referred to Magistrate Judge Joseph C. Spero. On or about September 10,
20  2009, the parties attended the Mandatory Settlement Conference in a good faith effort to resolve this
21  matter.

22  10.  At the Settlement Conference the parties reached a settlement agreement subject to a
23  condition subsequent. Defendant CDCR's attorney, representative at the settlement conference and
24  another representative via telephone agreed to recommend the settlement agreement to a third level
25  CDCR representative. The third level representative for the CDCR was unavailable to approve the
26  agreement despite repeated attempts to reach said individual by phone, including attempts made by
27  Magistrate Judge Spero. Accordingly, the terms and conditions of the agreement were read into record
28

STIPULATION AND [PROPOSED]                                **Case No.   CV 08 3358 SBA**
ORDER VACATING SCHEDULING ORDER            3

by Magistrate Judge Spero, and approved by the parties, their representatives and respective counsel, subject to approval by the Chief Deputy General Counsel of the CDCR's Legal Affairs Office.

11. Since the settlement conference of September 10, 2009, Plaintiff's counsel has repeatedly contact Defense counsel for status updates regarding CDCR approval of the settlement agreement. To date, the third level CDCR representative has yet to sign off on the agreement.

12. The parties agreed to stay all Discovery since April of 2009 because the parties believed the case was settled, and have been working in good faith to finalize the settlement agreement. Despite said good efforts, the parties need more time to finalize the settlement agreement subject to a condition subsequent, and are unable to meet the deadlines of the October 10, 2008 Order For Pretrial Preparation.

For each of the forgoing reasons, the parties agree and respectfully submit that under the unique circumstances of this case, there is good cause to vacate the Court's Order for Pretrial Preparation and reschedule a Case Management Conference in three (3) months.

IT IS SO STIPULATED.

DATED: November 6, 2009              **MASTAGNI, HOLSTEDT, AMICK, MILLER & JOHNSEN**

    /s/    Anthony P. Donoghue
Anthony P. Donoghue
Attorneys for Plaintiff ROBIN WILSON

DATED: November 6, 2009              **EDMUND G. BROWN JR.**
Attorney General of the State of California

    /s/    Courtney S. Lui
COURTNEY S. LUI
Deputy Attorney General
Attorneys for Defendants

---

STIPULATION AND [PROPOSED]                              **Case No.   CV 08 3358 SBA**
ORDER VACATING SCHEDULING ORDER                    4

**ORDER**

The Court having been notified of the tentative settlement of this action, and it appearing that no issue remains for the Court's determination,

IT IS HEREBY ORDERED THAT this action and all claims asserted herein are DISMISSED with prejudice. In the event that the settlement is not reached, any party may move to reopen the case and the trial will be scheduled, provided that such motion within 90 days of the date this order is filed. All scheduled dates are VACATED. The Clerk shall terminate any pending matters..

DATED:11/20/09

                                           *Saundra B Armstrong*
                                           Honorable Saundra Brown Armstrong
                                           United States District Judge